**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Jaime A. Tetrault              \*          Case No. 12-21373
                               \*          Chapter 7
       Debtor                  \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OF DECISION**

Debtor Jaime Tetrault has claimed an exemption in a child tax credit[1] (the "CTC"), declared on her 2012 federal income tax return. The chapter 7 trustee objects, arguing that the CTC does not qualify as an exemption pursuant to 14 M.R.S.A. § 4422(13(A)). I agree. His objection to Ms. Tetrault's exemption claim are sustained.

**Background**

Ms. Tetrault filed a voluntary Chapter 7 petition on October 30, 2012. At her meeting of creditors, the chapter 7 trustee asked to review Ms. Tetrault's 2012 income tax returns once they were filed. After reviewing the return, the trustee notified Ms. Tetrault that she must turn over $2,762.39 of her IRS tax refund to be administered as property of the estate. In response, Ms. Tetrault amended her Schedule C, claiming the $2,000 CTC as exempt. The trustee objected. The parties have narrowed the relevant issue for decision to whether the CTC qualifies as a public assistance benefit under 14 M.R.S.A. §4422(13(A)). The parties have stipulated to all relevant facts and submitted the dispute for decision.

---

[1] 26 U.S.C. § 24.

**14 M.R.S.A. §4422 (13(A))**

Under 11 U.S.C. §522 an individual debtor may exempt certain property that would otherwise belong to the bankruptcy estate.[2] Section 522 allows the debtor two choices: they may claim exemptions pursuant to state law, or they may use the federal exemptions delineated in §522(d). States may "opt out," limiting resident debtors to the state-provided exemptions -- ruling out the option of employing those available under § 522(d). See, 11 U.S.C. §522(b). Maine has opted out. 14 M.R.S.A. §4426.

The Maine exemption statute permits a debtor to claim as exempt his or her interest in certain disability and pension benefits. 14 M.R.S.A. §4422(13). The pertinent provision reads:

> The following property is exempt from attachment and execution…
>
> 13. **Disability benefits; pensions.** The debtor's right to receive the following:
>     A. A social security benefit, unemployment compensation or a federal, state or local public assistant benefit, including, but not limited to, the federal earned income tax credit and additional child tax credit…

**Discussion**

Ms. Tetrault asserts that the CTC falls within the ambit of 14 M.R.S.A. §4422(13(A)) because it "is a public assistance benefit in that it is designed to assist families with dependent children in meeting their obligations."[3] Her adversary disagrees, arguing that debtors may exempt only *refundable* public assistance benefits. They argue that the CTC is not refundable—it is a credit designed to reduce the taxpayer's overall liability. A refund resulting from claiming the CTC reimburses the tax payer for overpayment throughout the previous tax year: an overpayment that, had it not been made, would have provided disposable income to pay debts.

---

[2] Unless otherwise stated, all reference to statutory sections are to the Bankruptcy Reform Act of 1978 ("Bankruptcy Code" or "Code").

[3] Debtor's Objection to Trustee's Objection to Claimed Exemption, Bankr. Case No. 12-21373 Docket

The bankruptcy court in the Western District of Missouri recently considered this issue in In re Pepper M. Hardy, et al., 2013 WL 2149159 (Bkrtcy.W.D.Mo.). In Hardy, the court delved into the history of the CTC, and noted its distinction from the "Additional CTC", which is a refundable credit based on unused amounts of the CTC that a taxpayer would otherwise be entitled to. See, 2013 WL 2149159 at 2. A taxpayer receives no money refund in hand under the Additional CTC credit unless the overall tax liability is $0.

Here, Tetrault did not claim any Additional CTC on her 2012 federal return. The CTC merely figured in the calculation that resulted in a refund of excess tax withheld. The CTC operated to reduce her federal tax liability for 2012 by $2000 but it did not eliminate it. She still paid tax. I agree with the reasoning of the bankruptcy courts in Missouri that "the CTC [is] a contingent interest in a future payment [and is] clearly property of the estate." In re Hardy, 2013 WL 2149159 at 3 (citing Stover v. Law (In re Law), 336 B.R. 780, 782 (B.A.P. 8th Cir.2006)). Therefore, I hereby sustain the objection of the chapter 7 trustee to the Debtor's claim of exemption in the CTC.

Dated this 9th day of July, 2013.

        /s/ James B. Haines, Jr.
        James B. Haines, Jr.
        U.S. Bankruptcy Judge

Entry #14.